### STATE ex WELKER et v HART

Ohio Appeals, 9th Dist, Medina Co

No 139.   Decided Dec 6, 1935

C. T. Moore, Akron, for plaintiff.

Roy E. Sebrell, City Solicitor, Wadsworth, and W. W. Graver, Wadsworth, for defendant.

## OPINION

PER CURIAM

This is an original action in mandamus, which is brought upon the basis that a certain contract entered into by the relators with the city of Wadsworth is unenforceable because said contract was made without the certificate of the auditor of said city that the amount required to meet the same had been lawfully appropriated for such purpose and was in the treasury or in process of collection. The only relief asked is that said auditor be required to furnish relators with such certificate, and the only basis for the claim that the relators are entitled to a certificate is the language found in the next to the last paragraph of §5625-33, GC, as follows:

"Upon the request of any person, firm or corporation receiving an order or entering into a contract with any political subdivision the certificate of the fiscal officer shall be attached to such order or contract."

As has been said, such certificate is sought for the purpose of validating a contract which, without it, is conceded to be void so far as this action is concerned.

The defendant has filed a demurrer, on the ground that the petition fails to state facts sufficient to constitute a cause of action.

We have been cited to no authorities construing the language above-quoted from said section, and we construe such language to mean simply that where one is about to enter into a contract with a political subdivision, and the circumstances are such as warrant and justify the fiscal officer in making such certificate, which he has neglected to do, the party about to enter into such contract is entitled to have such certificate attached, upon his request, to enable him to enter into a valid contract.

We do not think that said language means that a party who has entered into a contract which is void because of the absence of such certificate, can compel the issuance of such certificate for the purpose of validating the contract theretofore entered into.

If the construction of said language that is contended for by counsel for plaintiff is justified, then it would enable a man to enter into a contract with a subdivision which he knows is not enforceable, and enable him to thereafter at any time, upon his request, have the same validated; and that would render ineffectual the part of the statute which reads as follows:

"Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due thereon."

In other words, it would entirely destroy the object and purpose of the statute.

Before the first above-quoted language was added to said statute, the courts had decided that one about to enter into a contract with a political subdivision was required at his peril to see that the law with reference to such certificate was observed.

Several years later said language was added to said statute for the purpose of providing a clear remedy whereby such party could compel such fiscal agent to perform his duty.

Demurrer to petition sustained.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.